

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00253-CR

BRYAN SCOTT TENNISON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2229385

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

On November 2, 2022, Bryan Scott Tennison pled guilty to fraudulent use or possession of identifying information with less than five items. *See* TEX. PENAL CODE ANN. § 32.51(c)(1) (Supp.). The offense level was increased because it was committed "against an elderly individual." *See* TEX. PENAL CODE ANN. § 32.51(c-1) (Supp.). The punishment was enhanced due to a prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(a). The trial court deferred an adjudication of guilt. Thereafter, the State moved to adjudicate Tennison guilty. The trial court held an adjudication hearing, adjudicated Tennison guilty, and sentenced him to fifteen years' imprisonment. Tennison appeals.

Tennison's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On March 14, 2024, counsel represented that he mailed copies of the following to Tennison: (1) his *Anders* brief, (2) his motion to withdraw, and (3) "a form he can use to request the record." On April 1, Tennison filed a pro se request to review the appellate record. In that

motion, Tennison represented that he received the *Anders* brief and his counsel's motion to withdraw. We granted that motion. On April 10, we forwarded to Tennison a paper copy of the appellate record and gave him until May 28 to file his pro se response to his counsel's *Anders* brief. Tennison filed neither a response nor an extension of time to respond. Further, on June 18, we notified Tennison that his case was "set for submission on briefs, without oral argument, for **Tuesday, July 9, 2024**." We received no response and no briefing from Tennison. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[1]


Scott E. Stevens
Chief Justice

Date Submitted:     July 9, 2024
Date Decided:        July 12, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* Tex. R. App. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* Tex. R. App. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* Tex. R. App. P. 68.4.